UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY P. JOHNSON,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No: C 08-5697 SBA<br><br>2255 MOT. – See CR 07-465 SBA<br><br>**ORDER GRANTING RESPONDENT'S MOTION FOR ORDER ABROGATING ATTORNEY-CLIENT PRIVILEGE AND REQUEST FOR EXTENSION OF TIME**<br><br>Docket Nos. 52 and 53 |

　　　　Petitioner Anthony P. Johnson entered a guilty plea to a violation of 21 U.S.C. § 841(a)(1) for Possession with Intent to Distribute and Distribution of Crack Cocaine. Subsequently, Petitioner filed a motion under 28 U.S.C. § 2255 alleging a claim for ineffective assistance of counsel. Harry Taback represented Petitioner in the underlying criminal matter. The Court set a briefing schedule directing Respondent to file a response to the motion.

　　　　Respondent now moves the Court for an Order abrogating the attorney-client privilege. Specifically, Respondent claims that in order to prepare a response, it will need to communicate with Mr. Taback and possibly obtain other relevant evidence from him. In addition, Respondent requests an extension of time to prepare and file its response. Petitioner has not opposed either motion.

　　　　"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003); accord Osband v. Woodford, 290 F.3d 1036, 1042 (9th Cir. 2002) ("a petitioner in a habeas corpus action who raises a Sixth Amendment claim of ineffective assistance of counsel waives the attorney-client privilege as to the matters challenged"). However, the Court has the

discretion to limit the waiver "to the habeas proceeding in which the ineffective assistance question is raised." Id.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Respondent's motion to abrogate the attorney-client privilege between Petitioner and Mr. Taback (Docket No. 52) is GRANTED.  Any documents and/or information obtained by the United States Attorney's Office may be used only for purposes of the instant 2255 motion pending before this Court.  Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any law enforcement or prosecutorial personnel or agencies, without a prior Order from this Court.

2. Respondent's motion for an extension of time (Docket No. 53) is GRANTED.  Respondent shall have thirty (30) days from the date this Order is docketed to file its opposition to Petitioner's 2255 motion.  Respondent shall have thirty (30) days after Respondent files its opposition to file a reply brief that responds to the arguments presented in Respondent's opposition.

3. This Order terminates Docket Nos. 52 and 53.

IT IS SO ORDERED.

Dated: July 31, 2009                                             _____
                                                                                  Hon. Saundra Brown Armstrong
                                                                                  United States District Judge