1

2                          UNITED STATES DISTRICT COURT

3                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                  OAKLAND DIVISION

5

6   ANTHONY P. JOHNSON,                        Case No:  C 08-5697 SBA

7              Petitioner,                      2255 MOT. – See CR 07-465 SBA

8        vs.                                    **ORDER DENYING RESPONDENT'S
                                                MOTION THAT THE ORDER
9   UNITED STATES OF AMERICA,                   ABROGATING ATTORNEY-CLIENT
                                                PRIVILEGE BE AMENDED**
10             Respondent.
                                                Docket No. 56
11

12

13        Petitioner Anthony P. Johnson entered a guilty plea to a violation of 21 U.S.C. § 841(a)(1)

14   for Possession with Intent to Distribute and Distribution of Crack Cocaine.  Subsequently,

15   Petitioner filed a motion under 28 U.S.C. § 2255 alleging a claim for ineffective assistance of

16   counsel.  Harry Taback represented Petitioner in the underlying criminal matter.  The Court set a

17   briefing schedule, directing Respondent to file a response to the motion.  Respondent then filed a

18   motion requesting the Court to deem to the attorney-client privilege abrogated so that it could

19   confer with Mr. Taback in connection with preparing its response.  The Court granted the motion

20   on August 3, 2009.

21        On August 8, 2009, Respondent submitted a Motion Requesting That The Order

22   Abrogating the Attorney-Client Privilege Be Amended.  In particular, Respondent claims that Mr.

23   Taback is concerned "that he may be exposing himself to a lawsuit or other liability" if he provides

24   information to Respondent, absent an order that *expressly directs* that he provide such information.

25   (Mot. at 2.)  As such, Respondent requests the Court to amend its prior Order by including

26   language affirmatively instructing Mr. Taback to provide any information requested by

27   Respondent.  While the case law is clear that the presentation of an ineffective assistance of

28   counsel claim waives the attorney-client privilege, Respondent has not provided the Court with any

authority to establish that it has the power to compel Petitioner's former counsel to respond to all of Respondent's inquiries. Accordingly,

IT IS HEREBY ORDERED THAT Motion Requesting That the Order Abrogating the Attorney-Client Privilege Be Amended is DENIED.  Within seven (7) calendar days of the date this Order is filed, Respondent shall resubmit its motion, supported by legal authority establishing that the Court has the authority to compel Mr. Taback to respond to all of Respondent's requests for documents and information.  The deadline for Respondent's brief in response to Petitioner's 2255 motion shall be held in abeyance pending resolution of Respondent's renewed motion.

IT IS SO ORDERED.

Dated: September 1, 2009                                  _____
                                                         SAUNDRA BROWN ARMSTRONG
                                                         United States District Judge