UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY P. JOHNSON,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No:  C 08-5697 SBA<br><br>2255 MOT. – See CR 07-0465 SBA<br><br>ORDER GRANTING RENEWED MOTION TO ABROGATE ATTORNEY-CLIENT PRIVILEGE<br><br>Docket No. 60 |

　　　On March 20, 2008, the Honorable Martin J. Jenkins of this Court sentenced Petitioner to a term of 120 months for Possession with Intent to Distribute and Distribution of Crack Cocaine, 21 U.S.C. § 841(a)(1).  Petitioner was represented by attorney Harry Taback through sentencing.  On December 19, 2008, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 based a claim of ineffective assistance of counsel.  Thereafter, the matter was reassigned to this Court, which then issued a briefing schedule on the motion.

　　　Upon receiving the Court's briefing schedule, Respondent filed a motion to abrogate the attorney-client privilege, claiming that it needed access to evidence and information from Mr. Taback in order to respond to the motion.  On August 3, 2009, the Court granted Respondent's motion.  However, Respondent subsequently requested the Court to amend its order to require Mr. Taback to respond to its inquiries because Mr. Taback apparently will not disclose the requested information absent such an order.  The Court denied the motion without prejudice on the ground that Respondent had failed to cite any authority to support its request.

　　　Respondent has now renewed its motion, which is supported by relevant authority demonstrating that the Court has the authority to direct a convicted defendant's former counsel to provide information to the government in connection with an ineffective assistance of counsel

1  claim.  See Zabala v. United States, 962 F. Supp. 244, 248 (D. Puerto Rico 1997) (directing

2  respondent to "include a statement by petitioner's former counsel as to the circumstances

3  surrounding the decision to forego the filing of an appeal"); Harrelson v. United States, 967 F.

4  Supp. 909, 914-15 (W.D. Tex. 1997) ("the former defense attorney may execute and furnish to the

5  Government for submission to the Court a detailed affidavit outlining the scope of said counsel's

6  pretrial investigation, the information the attorney developed prior to trial, and the rationale behind

7  said counsel's tactical decisions, such as whether to present certain evidence or witnesses and

8  whether to pursue certain defensive strategies as opposed to others"); see also United States v.

9  Emery, 258 F. Supp. 2d 1021, 1025 (W.D. Mo. 2003) (considering trial counsel's affidavit in

10 resolving petitioner's ineffective of counsel claim).  Accordingly,

11     IT IS HEREBY ORDERED THAT:

12     1.    Respondent's Renewed Motion Requesting that the Order Abrogating the Attorney-Client Privilege be Amended is GRANTED.  The Court's August 3, 2009 Order (Docket 55) is amended to include the following provision:  "Harry Taback shall respond to Respondent's inquiries pertaining to Petitioner Anthony P. Johnson's motion under 28 U.S.C. § 2255, including, without limitation, providing Respondent with an affidavit and with discovery relevant to said motion."  The disclosure of such information shall be subject to the same restrictions set forth in the Court's Order of August 3, 2009.

19     2.    Respondent shall have 60 days from the date this Order is filed to file its response to Petitioner's motion.  Petitioner shall file his reply within 30 days after Respondent files it response.  The matter shall thereafter be taken under submission.

22     3.    This Order terminates Docket No. 60.

23     IT IS SO ORDERED.

24 Dated:  September 22, 2009

                                                                      SAUNDRA BROWN ARMSTRONG
                                                                      United States District Judge