UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANTHONY P. JOHNSON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No: C 08-5697 SBA<br><br>2255 MOT. – See CR 07-465 SBA<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**<br><br>Docket 46 |

Petitioner Anthony P. Johnson entered a guilty plea to a violation of 21 U.S.C. § 841(a)(1) for Possession with Intent to Distribute and Distribution of Crack Cocaine. The parties are presently before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

I.     **BACKGROUND**

On July 19, 2007, the United States (Government) filed a two-count Indictment against Petitioner charging him with Possession with Intent to Distribute and Distribution of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1). Gov. Ex. A. On December 7, 2007, Petitioner, represented by attorney Harris Taback, pleaded guilty to Count Two of the Indictment. The Plea Agreement included a waiver of Petitioner's right to appeal or collaterally attack his sentence, except as to a claim based on ineffective assistance of counsel. Id. Ex. B, Plea Agt. ¶ 5. On March 14, 2008, the Honorable Martin J. Jenkins, the judge previously assigned to this matter, committed Petitioner to the custody of the Bureau of Prisons for the mandatory minimum term of 120 months. Id. Ex. F at 15:17.

On or about December 19, 2008, Petitioner filed a 2255 motion. Petitioner alleges a claim for ineffective assistance of counsel against Mr. Taback, and seeks to be resentenced based upon a two-level downward departure under the safety valve provision of 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2. The Government filed an opposition to the motion, but Petitioner did not file a reply. The matter is ripe for disposition.

## II.     LEGAL STANDARD

Title 28, United States Code, section 2255 permits federal prisoners to file motions to set aside or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Where the petitioner does not allege lack of jurisdiction or constitutional error, relief under section 2255 is inappropriate unless the alleged error resulted in a "complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995).

## III.    DISCUSSION

There is a two-prong test applicable to claims for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 688 (1984). First, the defendant must show "that counsel's representation fell below an objective standard of reasonableness." Id.; see also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001). The defendant must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance which, under the circumstances, might be considered sound trial strategy. United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 468 U.S. at 687.

To satisfy the second prong, petitioner must establish that he was also prejudiced by counsel's substandard performance. See Gonzalez v. Knowles, 515 F.3d 1006, 1014 (9th Cir. 2008) (citing Strickland, 466 U.S. at 694). Under Strickland, "[o]ne is prejudiced if there is a

reasonable probability that but-for counsel's objectively unreasonable performance, the outcome of the proceeding would have been different." Id. Judicial scrutiny of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689. A claim for ineffective assistance of counsel fails if either one of the prongs is not satisfied. See Strickland, 466 U.S. at 697.

Under 18 U.S.C. § 3553(f), known as the safety valve provision, a defendant may be sentenced below the applicable statutory minimum if five conditions are met. See United States v. Dominguez Benitez, 542 U.S. 74, 78 (2004); United States v. Hernandez-Castro, 473 F.3d 1004, 1005 (9th Cir. 2007). Section 3553(f) articulates these conditions as follows:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) *not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan,* but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Id. (emphasis added).

Petitioner complains that his counsel "made no attempt to negotiate a safety valve reduction" and that he did not adequately explain the requirements for such a reduction. Mot. at 2. The record does not support Petitioner's assertion. As set forth in the declaration of Mr. Taback, counsel engaged Petitioner in numerous discussions regarding his sentencing options, including seeking a safety valve downward departure. Gov. Ex. D, Taback Decl. ¶¶ 6-8. He

advised Petitioner of the requirements to obtain a safety valve reduction and specifically discussed the type of information he would have to provide to the Government. Id. Each time, Petitioner adamantly and unequivocally stated that he would not cooperate with the Government and would refuse to divulge any information regarding the source of the crack cocaine. Id. Petitioner explained that he was "old school" and that he did not desire to "get anyone in trouble." Id. ¶ 7. He further elaborated his desire to withhold such information in order to protect his elderly parents. Id. Mr. Taback attempted to assuage Petitioner's concerns, explaining that it was common for defendants in his position to take advantage of the safety valve; but Petitioner was not willing to change his position. Id. ¶ 8.

In light of Petitioner's position, and with Petitioner's agreement, Mr. Taback informed the Government that Petitioner would accept a 120 month mandatory minimum sentence. Id. ¶ 9. However, to ensure that Petitioner would have the option of seeking a safety valve reduction in the event he changed his mind, Mr. Taback requested that the Plea Agreement include a provision that Petitioner could still seek a safety valve reduction if he satisfied the statute's requirements. Id.; id. Ex. B ¶ 16; Ex. E, Douglas Decl. ¶ 2. At sentencing, Judge Jenkins expressly recognized that the Plea Agreement preserved Petitioner's option to seeking a safety valve reduction, but that Petitioner was choosing not to avail himself of that provision. Ex. F at 3:3-17. Before passing sentence, Judge Jenkins afforded Petitioner an opportunity to be heard. Id. at 4:2-3. Petitioner apologized to his family, but raised no other concerns with the Court. Id. at 14:24-25.

The record confirms that Petitioner was more than adequately informed by his counsel of his right and the requirements to seek a downward departure based on the safety valve provisions. Despite being so informed, Petitioner chose not to provide the information necessary to seek a sentence reduction. The Court finds that Mr. Taback's representation did not fall below an objective standard of reasonableness within the meaning of Strickland.

IV.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Petitioner's 2255 motion is DENIED.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: March 18, 2010

                                      SAUNDRA BROWN ARMSTRONG
                                      United States District Judge